IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 3/2/15
TIME: 5:09 PM
INITIALS: JPW

UNITED STATES OF AMERICA,
       Plaintiff,

v.

KEITH HERRON,
       Defendant.

No. 2:14-CR-20257-SHL

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the United States, represented by EDWARD L. STANTON III, United States Attorney for the Western District of Tennessee, and HAMILTON CARRIKER, Special Assistant United States Attorney, and the defendant, KEITH HERRON, represented by DAVID BELL, defense counsel.

1. KEITH HERRON agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, which charges the defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum statutory punishment of imprisonment for not more than ten (10) years imprisonment, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. However, pursuant to 18 U.S.C. § 924(e), if the Court finds that the defendant has three or more prior felony convictions for violent felonies or serious drug offenses, then the defendant is subject to

the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which increases the statutory punishment to imprisonment for not less than fifteen (15) years and not more than life, a fine of not more than $250,000, a period of supervised release for not more than five (5) years, and a mandatory special assessment of $100. If it is determined that the ACCA applies, the defendant MAY NOT withdraw his guilty plea. KEITH HERRON agrees that he is entering a voluntary plea of guilty to Count 1 because he is, in fact, guilty of the offense charged in Count 1.

2. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, KEITH HERRON and the UNITED STATES agree to enter into a conditional plea, allowing the defendant to reserve the right to have an appellate court review this Court's decision on the Motion to Exclude Evidence.

3. If it is determined that KEITH HERRON is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) for purposes of sentencing, then the United States agrees pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) that KEITH HERRON shall be sentenced to 180 months imprisonment.

4. KEITH HERRON understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined. This waiver is made in exchange for the concessions made by the UNITED STATES in this plea agreement at paragraph

2. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct, ineffective assistance of counsel, and the appellate rights reserved in paragraph 2 of this document.

5. KEITH HERRON agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, KEITH HERRON acknowledges that he has read this agreement, has discussed it with his attorney and has a full and complete understanding of the agreement's provisions and consequences. KEITH HERRON acknowledges that he is satisfied with his attorney's representation.

Respectfully Submitted,

FOR THE UNITED STATES:
EDWARD L. STANTON III
UNITED STATES ATTORNEY

_____  3/2/15
HAMILTON CARRIKER                Date
Special Assistant United States Attorney

_____  3/2/15
DAVID BELL                       Date
Attorney for Defendant

_____  3/2/15
KEITH HERRON                     Date
Defendant

3